# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

LORI TAVARES**,**

            Plaintiff,

  v.                                   3: 11 - CV - 770 (CSH)

LAWRENCE & MEMORIAL HOSPITAL,

            Defendant.

## RULING ON MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER

**HAIGHT, Senior District Judge:**

## I.   INTRODUCTION

Plaintiff Lori Tavares ("plaintiff") commenced this action for wrongful termination of her employment as a nurse by defendant Lawrence & Memorial Hospital ("L&M" or "defendant") in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.[1]   Pending before the Court is a Motion for Protective Order filed by L&M (Doc. #35).   The protective order was designed "to restrict the use" of "certain medical records of plaintiff, Lori Tavares[,] and her husband, Joseph Tavares, a non-party," to which L&M seeks access in this litigation.   Doc.#36-1. In conjunction with the motion, the Court is in receipt of the letter of L&M's counsel of record, Attorney Andrew A. Cohen, dated October 3, 2012, responding to the Court's Order (Doc. #40), mandating that the parties confer and advise the Court of their respective positions as to the entry

---

[1] The background of this case is set forth in detail in this Court's previous Ruling (Doc. #39, dated 9/20/2012), familiarity with which is assumed.

of L&M's proposed "HIPAA Qualified Protective Order" (Doc. #36-1).[2]   Doc. #41.  The Court will

address the parties' positions and herein rule on the motion.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may, for good cause, enter an

order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense."  Fed. R. Civ. P. 26(c)(1).  In so doing, the Court may specify the terms governing "the

disclosure or discovery" of the information sought.  *Id.* 26(c)(1)(B).  The information defendant

presently seeks, medical records of non-party Joseph Tavares, is undeniably of  a private nature.

Under the HIPAA Privacy Rule, in the absence of an express court order authorizing

disclosure, a health care provider, as a "covered entity," may disclose protected health information

in response to a subpoena or discovery request only if he or she receives adequate assurances from

the party seeking the information that reasonable efforts were made to (1) notify the person who is

the subject of the protected health information about the request or (2) seek a qualified protected

order.  *See* 45 C.F.R. §160.103, 45 C.F.R. §164.512(e)(1)(ii)(A)-(B).   As set forth below, the

defendant currently seeks a qualified protective order.

The Court previously entered an "HIPAA Qualified Protective Order" with respect to the

Tavares' marital therapy records held by Dr. Nina Rossomando.  Doc. #39-1.   In addition, L&M

filed the present motion, requesting the Court to enter a general protective order regarding the

medical records of both Lori and Joseph Tavares.  Doc. #35.  As indicated by the October 3 letter,

---

[2] As set forth *infra*, the acronym "HIPAA" represents the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat.1936, 45 C.F.R. §164.512, *et seq*.

L&M has now narrowed its request for a protective order to focus specifically on the medical records of Joseph Tavares in the custody of his treating physician, neurosurgeon Alan Waitze.  L&M had previously expressed  its desire to subpoena those records held by Dr. Waitze in order "to inquire into the issues of treatment, injury and damage raised by plaintiff's allegations and L&M's answer, and to probe certain evidence relied on by plaintiff in support of her claims."  Doc. #35, p. 1.

As set forth in his October 3 letter, Attorney Cohen has informed the Court that plaintiff's counsel, Attorney Leonard McDermott, "will not consent to the proposed Protective Order as it relates to Joseph Tavares' records because Mr. Tavares . . . is neither his client nor a party to this action."[3]  Doc. #41(letter dated October 3, 2012), p. 1, para. 1.  Furthermore, according to Attorney Cohen, "Attorney McDermott has expressed the view that Mr. Tavares' medical records are not pertinent or necessary for this case," a position "with which [L&M] vehemently disagrees."  *Id*.  Put simply, plaintiff's counsel objects to discovery of Mr. Tavares' medical records on the grounds of relevance.

In response, Mr. Cohen points out that the central issue in this case is whether L&M wrongfully terminated Lori Tavares "for misusing statutory family and medical leave by taking a vacation to Mexico with friends, while purportedly caring for her husband on a 'continuous' basis

---

[3]  To date, Mr. Tavares has  filed  no  objection to the production of his medical records held by Dr. Waitze.  He has also expressed no opinion to the Court regarding entry of a protective order with respect to those records.

L&M has asserted in its supporting papers that, in previous related arbitration proceedings, plaintiff "was cross-examined by L&M counsel about the contents of Dr. Waitze's medical records, *without the objection of Mr. Tavares*, who was present during virtually all of the testimony presented at the arbitration."  Doc. #36, p. 2 (emphasis added).  If Mr. Tavares is aware that L&M now seeks access to his medical records and has chosen to remain silent, it is conceivable that he may not wish to assert his privacy interest in those records.   HIPAA, however, protects the rights of individuals with respect to their personal medical records.

after back surgery performed by Dr. Alan Waitze." *Id.*, p. 1, para. 2.  Because Mr. Tavares' medical condition was the grounds for plaintiff's FMLA leave, L&M "intends to subpoena Dr. Waitze for deposition." *Id.*  L&M contends that "Dr. Waitze's treatment of Joseph Tavares has an undeniably central role in this litigation" in that he "certified Ms. Tavares' FMLA leave in 2010" and "prepar[ed] a letter *after* Ms. Tavares was terminated that purports to recommend the [Mexican] vacation at issue."[4] *Id.*, p. 2, para. 1 (emphasis in original).  *See* Doc. #34-3, p. 7 (letter dated April 30, 2010, from Dr. Waitze "to Whom it May Concern" regarding Joseph Tavares).[5]  L&M concludes that "[h]ere, the records, correspondence and testimony of Dr. Waitze . . . will be critical to L&M's ability to evaluate and defend against [p]laintiff's claims and the evidence she will rely on in this litigation."  Doc. #36, p. 5.

The Court concurs that under these circumstances, where plaintiff's FMLA leave was based on her husband's medical condition, that medical condition is directly in issue.  Because Dr. Waitze was Mr. Tavares' treating physician, the medical records in his custody are relevant for discovery

---

[4]  In previously filed papers with the Court, plaintiff conceded that she "was approved for leave under the recommendation of Dr. Waitze, Joe Tavares' surgeon."  Doc. #38, p. 4. Moreover, she "was instructed to take three months to care for her husband while he recovered from *spinal fusion surgery*."  *Id.* (emphasis in original).

[5]  In that letter, which was produced by plaintiff, Dr. Waitze wrote as follows:

Joseph Tavares is a patient in this office.  He is recovering from lumbar spinal fusion surgery.  It is helpful to spend some time recovering from this surgery in a warmer climate.  He continues to require assistance.  His wife, Lori Tavares, has been providing him with this assistance.  It was necessary to accompany him to a warmer climate.

Doc. #34-3, p. 7.

purposes.[6]   These records bear on, or may reasonably lead to evidence that may bear on, the basis

for plaintiff's family and medical leave and whether her vacation to Mexico was a misuse of that

leave.  Mr. Tavares' medical condition during the relevant time frame is key in determining whether

plaintiff was wrongfully terminated.

L&M has asserted that it "does not anticipate taking the depositions of any other of Mr.

Tavares' treating professionals" other than Dr. Waitze.  Doc. #41, p. 2-3.  Specifically, L&M seeks

this  protective order "to avoid any protracted motion practice arising out of *the deposition of Dr.*

*Waitze* that would delay the conclusion of discovery" by the current discovery deadline of November

20, 2012.  *Id.*, p. 2 (emphasis added) & n.1.  L&M urges that "[t]herefore, as with Dr. Rossomando,

the Court may, in its discretion, limit the proposed Protective Order to Dr. Waitze."  *Id.*, p. 3.  By

implication, the Court may expect that upon entering the requested  protective order, as tailored to

address Mr. Tavares' records held by Dr. Waitze,  discovery in the case may thereafter proceed

without incident to conclusion.

In entering such a protective order, the Court takes into account the non-party status of Mr.

Tavares and the intrusion into his  privacy with respect to his personal medical records.  To minimize

said intrusion and in accordance with HIPAA, the Court shall adopt and enter the proposed HIPAA

Qualified Protective Order (Doc. #36-1), as modified by the Court,  ordering both parties to limit the

---

[6]  In general,  parties may obtain  discovery  regarding  any non-privileged matter that is
relevant to the subject matter involved in the pending litigation.  Fed. R. Civ. P. 26(b)(1).  The
information sought "need not be admissible at the trial if the discovery appears reasonably calculated
to lead to the discovery of admissible evidence."  *Id.*  For purposes of discovery, "relevance" has
been defined broadly to include "any matter that bears on, or that reasonably could lead to other
matters that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v.
Sanders*, 437 U.S. 340, 351 (1978).

use of Mr. Tavares' medical records solely to the preparation and conduct of the litigation at hand and mandating either destruction or return of the records to Dr. Waitze upon conclusion of the case. *See* 45 C.F.R. §164.512(e)(1)(v)(A)-(B).

### III. <u>CONCLUSION</u>

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause to enter a protective order to protect the privacy interests of non-party Joseph Tavares as to his personal medical records held by Dr. Alan Waitze. These records are relevant – and potentially central – to the issues at hand in Mr. Tavares' wife's present action for alleged wrongful termination by former employer L&M while she was on FMLA leave to care for her husband following his lumbar spinal fusion surgery. Given the private nature of Mr. Tavares' medical records, defendant's Motion for HIPAA Qualified Protective Order (Doc. #35), is GRANTED, as modified by the Court.

As in the Court's previous HIPAA Qualified Protective Order (with respect to marital therapy records help by Dr. Rossomando, Doc. #39), the Court shall align the present protective order (with respect to medical records held by Dr. Waitze) with the principles set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191, 110 Stat.1936, 45 C.F.R. §164.512, *et seq.* That is, the order will prohibit the parties from using or disclosing the protected health information for any purpose other than the litigation in suit and mandate the return to Dr. Waitze or destruction of the protected records at the end of these proceedings. *See* 45 C.F.R. §164.512(e)(1)(v)(A)-(B).

With respect to the time frame of the medical records at issue, according to a letter drafted

6

by Dr. Nina Rossomando, dated May 11, 2010, Doc. #34-3, p. 9, and disclosed by plaintiff in discovery, Mr. Tavares' "severe  accident-related disability" originally occurred in "May 2004." Doc. #34-3.  Consequently, the Court shall include from May 2004 until April 2010,  the month in which plaintiff was terminated by L&M, as the relevant time frame for discoverable medical records in Dr. Waitze's possession.

Upon entry of this Ruling and the attached Qualified Protective Order, the parties are directed to  proceed expeditiously with discovery.  Should further discovery disputes arise between the parties, they   are   urged   to   jointly   contact   Chambers   to request   judicial   resolution   via teleconference rather than engage, as Attorney Cohen described, in "protracted motion practice." Doc. #41, p. 1, para. 2.

It is SO ORDERED.

Dated: New Haven, Connecticut
        October 10, 2012


 /s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge