UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LORI TAVARES,

        Plaintiff,

v.

LAWRENCE & MEMORIAL HOSPITAL,

        Defendant.

3: 11 - CV - 770 (CSH)

### RULING ON MOTION FOR PROTECTIVE ORDER

**HAIGHT, Senior District Judge:**

### I.    INTRODUCTION

Plaintiff Lori Tavares ("plaintiff") brings this action for wrongful termination of her employment as a nurse by defendant Lawrence & Memorial Hospital ("L&M" or "defendant") in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*[1] Attorney Sean K. McElligott, counsel for plaintiff's husband, non-party Joseph Tavares, has entered an appearance on behalf of Mr. Tavares and moved for a protective order with respect to his client's medical records, of which defendant seeks disclosure. Doc. #43; Doc. #44. These medical records are in the custody of Mr. Tavares' treating physicians, psychologist Nina Rossomando and neurosurgeon Alan Waitze, each of whom has been subpoenaed to testify at deposition. The Court has previously addressed the discoverability of these medical records on two occasions: (1) when denying Dr. Rossomando's motion to quash a subpoena duces tecum served upon her (Doc. #26) and (2) when

---

[1] The background of this case is set forth in detail in the Court's previous Rulings (Doc. #39, dated 9/20/2012, and Doc. #42, dated 10/10/2012), familiarity with which is assumed.

granting defendant's motion for an "HIPAA Qualified Protective Order" with respect to medical records to be produced by Dr. Waitze (Doc. #35).[2]  *See* Rulings at Doc. #39 & Doc. #42.

In conjunction with ruling on these motions, the Court entered two comprehensive HIPAA Qualified Protective Orders to preserve the confidentiality of Mr. Tavares' medical records, held by Drs. Rossomando and Waitze, while permitting disclosure of the records to the parties in discovery. Doc. #39-1 & Doc. #42-1.  Under these Orders, the material contained within the records at issue may only be : (1) disclosed to the parties in this action and their representatives (attorneys, experts, consultants, retained witnesses, etc.) and (2) used for purposes of preparing or conducting the present litigation.  Doc. #39-1, ¶¶ 2(a), (c)(1); Doc. #42-1, ¶¶ 2(a), (c)(1).  Moreover, the medical records must be destroyed or returned to Drs. Rossomando and/or Waitze upon conclusion of the case. Doc. #39-1, ¶ 2(c)(2);  Doc. #42-1, ¶ 2(c)(2).

## II.     PENDING MOTION

In the present motion, Joseph Tavares requests "a protective order with respect to his medical records maintained by his treating physicians Drs. Rossomando and Waitze." Doc. #44, p. 1.  In support, he asserts that these physicians "have been subpoenaed to depositions . . . at which they have been asked to produce unredacted copies of Mr. Tavares' medical records *including potentially irrelevant and personal information*."[3]  *Id*. (emphasis added).  Mr. Tavares thus requests:  (1) the

---

[2] The acronym "HIPAA" is an abbreviation for the "Health Insurance Portability and Accountability Act of 1996," Pub. L. No.104–191, 110 Stat.1936, 45 C.F.R. §§ 164.512, *et seq.*

[3] With respect to the records held by marriage counselor and therapist Nina Rossomando, Mr. Tavares points to the "broad privilege against disclosure" afforded psychiatric records pursuant to Conn. Gen. Stat. § 52-146d. Doc. #44, p. 1.  That statute sets forth the definitions regarding privileged communications between psychiatrist and patient in Connecticut.  This Court previously addressed a related statutory provision, Conn. Gen. Stat. § 52-146p, captioned

"opportunity to properly review and redact his medical records" and (2) the Court's permission for his counsel "to be present for the depositions of Mr. Tavares' medical providers." *Id.*

Mr. Tavares asserts that he "is mindful of the Court's order dated October 10, 2012, which was entered before [he] was represented by counsel." *Id.* He acknowledges that "[t]he Court noted in that order that Mr. Tavares did not appear to object to the production of his medical records." *Id.* (citing Doc. #42, p. 3 n. 3). Furthermore, he does "not seek[] reconsideration" of that Ruling at this time. *Id.*, p. 1-2. Instead, he requests "an opportunity to view and potentially redact his medical records before they are produced to defendant[] and for permission for his counsel to appear at the depositions of his treating physicians." *Id.*, p. 2.

Defendant objects to Mr. Tavares' motion "on the ground that there has been an insufficient showing by Mr. Tavares that a protective order should issue." Doc. #47, p. 1. Moreover, L&M asserts that "a protective order is unnecessary given the Court's prior entry of HIPAA Qualified Protective Orders with respect to the medical records of Dr. Rossomando and Dr. Waitze." *Id.* Furthermore, L&M contends that "[e]ven if redaction is appropriate," Mr. Tavares should not be allowed to "unilaterally determine what treatment records L&M will have access to without the input of L&M" regarding such matters as "relevance and discoverability." *Id.*, p. 1-2. L&M thus

---

"Disclosure of privileged communications between marital and family therapist and person consulting such therapist prohibited," in its Ruling dated 9/20/2012. Doc. #39, p. 10-12. The Court explained that in this action, with "federal claim" jurisdiction with respect to plaintiff's FMLA claim, 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claim, 28 U.S.C. § 1367, the applicable law regarding protected communications between licensed therapists and their patients is the federal common law. *Id.*, p. 12-16. (citing *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987) ("where "[t]he evidence sought . . . is relevant to both the federal and state claims," the asserted privileges are "governed by the principles of federal law."), *cert. denied sub. nom.*, *Reynolds v. von Bulow by Auersperg*, 481 U.S. 1015 (1987)). Connecticut state statutes, although persuasive with respect to comity, are not binding as to privilege in this case.

requests "*in camera* inspection of [Mr. Tavares's] proposed redactions by the Court." *Id.*, p. 2.

L&M has no objection "to Mr. Tavares' request that his counsel be permitted to attend the depositions of Dr. Rossomando and Dr. Waitze." *Id.*

Plaintiff has filed no objection to her husband's pending motion for protective order.

### III.  DISCUSSION

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In entering such an order, the Court may specify the terms governing "the disclosure or discovery" of the information sought. *Id.* 26(c)(1)(B).

The information defendant presently seeks, medical records of non-party Joseph Tavares, is undeniably of a private nature. Pursuant to the HIPAA Privacy Rule, absent an express court order authorizing disclosure, a health care provider, as a "covered entity," may disclose protected health information in response to a subpoena or discovery request only if he or she receives adequate assurances from the party seeking the information that reasonable efforts were made to (1) notify the person who is the subject of the protected health information about the request or (2) seek a qualified protective order. *See* 45 C.F.R. §160.103, 45 C.F.R. §164.512(e)(1)(ii)(A)-(B).

As described more fully below, the Court has previously entered two HIPAA Qualified Protective Orders, protecting (1) the privacy interests of Lori Tavares and Joseph Tavares in their marital therapy records held by Dr. Rossomando and (2) the privacy interests of Joseph Tavares in his medical records regarding his spinal surgery held by Dr. Waitze. Doc. #39-1 (9/20/2012); Doc. #42-1 (10/10/2012). In its Rulings granting entry of these Orders, the Court specifically addressed

the confidentiality of Mr. Tavares' medical records in the custody of both treating physicians in detail. Doc. #39 & Doc. #42. In each Ruling, the Court concluded that the medical records were relevant to plaintiff's claims, but also took into account the non-party status of Mr. Tavares and the intrusion into his privacy with respect to his personal medical records. Consequently, the Court entered the two protective orders. Doc. #39-1; Doc. #42-1.

By virtue of his present motion, Mr. Tavares requests a third protective order to allow his counsel to attend the upcoming depositions and to provide an advance, unilateral opportunity to redact material from the medical records to be produced.

### A.   **Marital therapy records held by Dr. Rossomando**

With respect to relevance, the Court previously found the marital therapy records held by Dr. Rossomando to be relevant to plaintiff's wrongful termination (violation of FMLA) and negligent infliction of emotional distress claims.[4] Doc. #39, p. 21-24. In each such claim, plaintiff sought damages for "severe emotional distress, anxiety, sleeplessness and depression." Doc. #1, Count One, ¶ 29 & Count Two, ¶ 42. The Court concluded that "plaintiff's marital counseling sessions" were relevant as to her emotional state preceding termination – "other stressful situations in her past personal history [that] may have contributed to her emotional distress" – as well as "her resulting emotional distress" following termination. Doc. #39, p. 22-23 (citing and quoting *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298 (D.Pa. 1983)).

---

[4] In general, parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  *See also* Fed. R. Evid. 402 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

As to Mr. Tavares' privacy interests in the marital therapy records, the Court noted that, in failing to object to disclosure of those records when the issue of privacy was presented, Mr. Tavares had potentially waived his opportunity to object. *See* Doc. #39, p. 20 ("Courts have traditionally held that a privilege must be asserted by the owner when the subject matter of the privilege *is first presented* in the proceedings or risk a finding of waiver.") (emphasis added) (citing, *inter alia*, *City of West Haven v. Liberty Mut. Ins. Co.*, No. N-87-68 (PCD), 1989 WL 190242, at *4 (D.Conn. June 1, 1989) ("Having failed to raise a timely objection, and thus thwarted the orderly completion of the discovery process, defendant has effectively waived its right to object.")). In any event, because plaintiff had explicitly and impliedly waived *her* privilege to the marital therapy records of the couple and such records were relevant to the proceedings, the records were subject to disclosure.[5] Doc. #39, p. 20-21. Because production of said records would unavoidably disclose communications regarding Mr. Tavares as well, the Court favored entry of a protective order, as described herein below.

### B. Medical Records regarding Spinal Surgery held by Dr. Waitze

With respect to Mr. Tavares' medical records regarding spinal surgery in neurosurgeon Alan Waitze's possession, the Court held that "where plaintiff's FMLA leave was based on her husband's medical condition [recovery from accident-related spinal fusion surgery], that medical condition is directly in issue." Doc. #42, p. 4. Moreover, "[b]ecause Dr. Waitze was Mr. Tavares' treating

---

[5] According to L&M, "[p]laintiff has voluntarily produced records from both [Dr. Rossomando and Dr. Waitze], dated after the termination of her employment, in order to claim that the vacation in Mexico had been medically recommended." Doc. #47, p. 2. For a full discussion of plaintiff's express and implied waiver of privilege as to the marital therapy records, *see* the Court's Ruling dated 9/20/2012 (Doc. #39) at pages 16 to 19.

physician, the medical records in his custody are relevant for discovery purposes."[6] *Id.*, p. 4-5. "These records bear on, or may reasonably lead to evidence that may bear on, the basis for plaintiff's family and medical leave and whether her vacation to Mexico was a misuse of that leave." *Id.*, p. 5.

As to privilege, the Court noted that Mr. Tavares had failed to object to disclosure of his medical records held by Dr. Waitze in a previous proceeding. Doc. #42, p. 3 n.3. Defendant L&M asserted in its papers, supported by Attorney Andrew A. Cohen's affidavit (Doc. #34-2, ¶¶4-8), that in previous related arbitration proceedings during February and March of 2011, plaintiff "was cross-examined by L&M['s] counsel about the contents of Dr. Waitze's medical records, *without the objection of Mr. Tavares*, who was present during virtually all of the testimony presented at the arbitration." Doc. #36, p. 2 (emphasis added); *see also* Doc. #34-2 (Affidavit of Attorney Andrew A. Cohen), ¶ 5 ("Plaintiff's husband, Mr. Joseph Tavares, attended each session of the arbitration with his wife, and was present during virtually all of the testimony presented during the arbitration."); and *id.*, ¶ 7 ("I [Attorney Cohen] cross-examined Ms. Tavares at length about the contents of Dr. Waitze's records of his treatment of Mr. Tavares, without objection by Mr. Tavares.").[7]

---

[6] As L&M stated in its opposition to the present motion, "Dr. Alan Waitze is the neurosurgeon who performed the back surgery on Mr. Tavares and certified the need for the FMLA leave." Doc. #47, p. 2.

[7] L&M also averred that, with respect to a complaint plaintiff filed with the Connecticut Department of Labor, alleging an FMLA violation, plaintiff "specifically relied on and incorporated a letter dated May 11, 2010 by her treating psychologist, Nina Rossomando," and "a letter by Dr. Waitze dated April 30, 2010 . . . purportedly recommending the vacation at issue here." Doc. #36, p. 2. *See also* Doc. #34-3, p. 9 (5/11/2010 letter of Rossomando); *id.*, p. 7 (4/30/2010 letter of Waitze); Doc. #34-2 (Affidavit of Attorney Andrew A. Cohen), ¶¶ 8-10.

### C. HIPAA Qualified Protective Orders

Despite plaintiff's express and implied waiver of privilege as to the marital therapy records and Joseph Tavares' likely implied waiver as to both the marital therapy and spinal surgery records, the Court took into account Mr. Tavares' non-party status, the private nature of the records sought, and HIPAA's protection of individuals' rights with respect to personal medical records. Consequently, the Court adopted and entered two comprehensive "HIPAA Qualified Protective Order[s]." Doc. #39-1; Doc. #49-1. Each Order explicitly limits the use of the medical records at issue – that is, marital therapy records of the Tavares couple and spinal surgery records of Mr. Tavares – solely to the preparation and conduct of the litigation in suit and mandates either destruction or return of the records to Drs. Rossomando and Waitze upon conclusion of the case. Doc. #39-1, ¶¶ 2(a), (c)(1)-(2); Doc. #42-1, ¶¶ 2(a), (c)(1)-(2). Each Order aligns with the principles set forth in HIPAA, Pub. L. No.104–191, 110 Stat.1936, 45 C.F.R. § 164.512, *et seq.*, by complying with the "Privacy Rule," codified at 45 C.F.R. §§ 160 and 164, which "restricts and defines the ability of health plans, health care clearinghouses, and most health care providers to divulge patient medical records." 194 A.L.R. Fed. 133 (Westlaw 2011).

In addition, in its Ruling dated September 20, 2012, the Court reminded counsel that during discovery, information exchanged between them will not be subject to a First Amendment or common-law public right of access. Doc. #39, p. 25. That is, prior to admission into the record, or use by the Court in performance of its judicial function, the Tavares' medical records, if produced at deposition, will not be "judicial documents" entitled to a presumption of public access.[8]

---

[8] "Judicial documents," entitled to a presumption of public access, are "item[s] filed [with the court that are] relevant to the performance of the judicial function and useful in the judicial process." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001) (quoting *United States v.*

Therefore, discovery of these records alone will not disclose them to the public. *Id*. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).[9]

Moreover, the Court has, through entry of the two protective orders, explicitly shielded those personal records from general dissemination by the parties. *See United States. v. Caparros*, 800 F.2d 23, 25 (2d Cir.1986) ("[A] litigant does not have 'an unrestrained right to disseminate information that has been obtained through pretrial discovery'" and "has no First Amendment right of access to information made available only for purposes of trying his suit.") (quoting *Rhinehart*, 467 U.S. at 31, 32).

Finally, the parties were advised that should they move to admit such medical records into evidence at trial, the Court will entertain motions to seal the documents, or portions thereof, if such sealing is warranted – properly supported by "clear and compelling reasons" and "narrowly tailored to serve those reasons," D. Conn. L. Civ. R. 5(e)(3). Doc. #39, p. 25 (citing, *inter alia, Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006)); *see also New York Times Co. v. Biaggi*, 828 F.2d 110, 116 (2d Cir. 1987) ("documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly

---

*Amodeo*, 44 F.3d 141, 145 (2d Cir.1995) ("*Amodeo I*" )). "These may include documents that have been sealed," *S.E.C.*, 273 F.3d at 231, for example, pursuant to a protective order. "With respect to all judicial documents, however, [the Second Circuit has] held that, 'it is proper for a district court, *after weighing competing interests*, to edit and redact a judicial document in order to allow access to *appropriate* portions of the document....'" *Id.* (emphasis in original) (quoting *Amodeo I*, 44 F.3d at 147).

[9] L&M recognizes that, pursuant to the Court's two protective orders, "[t]he public will not have access to the Rossomando and Waitze medical records produced during discovery, and Mr. Tavares may object or seek the redaction or sealing of any medical records sought to be introduced into evidence at trial." Doc. #47, p. 5. Because L&M is barred from exposing Mr. Tavares' medical records to the public during discovery, redaction of portions of these records is not necessary at this time to shield them from public access.

tailored to serve that interest") (internal quotations and citations omitted), *cert. denied*, 485 U.S. 977 (1988)); *accord Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004). Upon proper request, this District has sealed individuals' medical records, noting that "[f]ederal law generally treats such records as confidential*." Barnwell v. FCI Danbury*, No. 3:10–CV–01301 (DJS) , 2011 WL 5330215, at *5 (D.Conn. Nov. 3, 2011) (citing HIPAA, Pub. L. 104-191 (1996)). *See also Northrop v. Carucci*, No. 3:04–CV–103 (RNC), 2007 WL 685173, at *3 n.6 (D.Conn. Mar. 5, 2007) ("plaintiff's medical records will be sealed by the Clerk" because "federal law [HIPAA] treats medical records as confidential").

In sum, the two HIPAA Protective Orders previously entered by this Court properly protect the confidentiality of Mr. Tavares' medical records during discovery. Moreover, Mr. Tavares has provided no new or additional grounds – no "good cause"– for this Court to enter a third protective order at this time. Rather, he seeks unlimited authority to redact personal material from the medical records without allowing all counsel, and/or ultimately the Court, to assess the discoverability of said material.

## IV.   CONCLUSION

The Court has granted comprehensive protection of Mr. Tavares' medical records in two previous HIPAA Qualified Protective Orders. Doc. #39-1 & Doc. #42-1. If, as Mr. Tavares contends, there are portions of the records that contain irrelevant personal information, such information may be subject to redaction after discovery but prior to admission into evidence. Therefore, in the interest of expediting the remaining discovery in this action, the Court hereby GRANTS in part and DENIES in part Joseph Tavares' "Motion for Protective Order" ( Doc. #44).

In particular, Mr. Tavares' motion is GRANTED with respect to his request to have counsel present at the upcoming depositions of physicians Rossomando and Waitze. L&M does not object to the presence of Mr. Tavares' counsel, Attorney McElligott, at these depositions. Attorney McElligott may voice on the record his evidentiary objections on behalf of Mr. Tavares as to information contained in questions and/or documents produced. Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination—whether to evidence, . . . or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."). If any of the deposition testimony or exhibits to which counsel objects is later presented to the Court for admission into evidence, the Court will address counsel's objections and make the appropriate rulings at that time.

With respect to Mr. Tavares' request for prior viewing and redaction of medical records, his motion is GRANTED in part and DENIED in part. Counsel for Mr. Tavares shall not redact the medical records at issue prior to disclosure to the parties but, to facilitate the deposition process, he will have an opportunity to review the records *before* the depositions.[10] Accordingly, all documents subpoenaed from Drs. Rossomando and Waitze shall be produced to all counsel at least seventy-two (72) hours before their respective depositions. Upon receipt of the documents, and in advance of the depositions, Mr. Tavares' counsel may review the documents and determine the portions, if any, to

---

[10] As L&M noted in its objection to the pending motion, Doc. #47, p. 1-2, if Mr. Tavares' counsel were allowed to redact portions of the medical records prior to production by the physicians to all parties, counsel for the plaintiff and for L&M would have no opportunity to inspect what was being redacted and make, if appropriate, opposing arguments. In this context, it is important to note that Mr. Tavares does not contest the Court's previous rulings regarding his likely implied waiver of privilege as to these records. Absent a claim of privilege or protection as trial preparatory material, documents produced should be subject to inspection by opposing counsel to permit proper argument, and, if necessary, by the Court to make an informed evidentiary ruling.

which his client objects – *e.g.*, the alleged "potentially irrelevant and personal items" described in Doc. #44, p.1. At the depositions, Mr. Tavares' counsel may then state his objections on the record, thereby denoting the objectionable material and the grounds upon which he objects. The depositions may thus proceed in a timely manner.

Lastly, the Court hereby ORDERS that if any party intends to seek admission of the confidential medical records of either Lori Tavares or Joseph Tavares into evidence, either as exhibits in support of a motion or at trial, counsel shall notify the subject(s) of those records (*i.e.*, Lori and/or Joseph Tavares) in advance and provide her and/or him with an opportunity to review the particular records to be admitted and, if appropriate, to make motions to seal particular portions of the documents upon a showing of compelling circumstances. *See* D. Conn. L. Civ. R. 5(e).[11] Material presented to be sealed may include, *inter alia*, that which Mr. Tavares' counsel designates at the depositions as properly subject to redaction. The Court will rule on all motions to seal prior

---

[11] Local Rule of Civil Procedure 5(e), captioned "Sealed Proceedings and Documents," provides at subsection 3, in relevant part:

> Every document used by parties moving for or opposing an adjudication by the Court, other than trial or hearing exhibits, shall be filed with the Court. No judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. Any such order sealing a judicial document shall include *particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.* A statute mandating or permitting the non-disclosure of a class of documents (*e.g.*, personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents. . . . No document shall be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule. Any document filed under seal in the absence of a Court order to seal it is subject to unsealing without prior notice to the parties.

D. Conn. L. Civ. R. 5(e)(3) (emphasis added).

to admission of the medical records into evidence and/or onto the public case docket.

The parties are urged to resume and conclude discovery in an expeditious manner, fully complying with the terms of the Court's previously entered HIPAA Qualified Protective Orders. Doc. #39-1 & Doc. #42-1.

Having ruled on Mr. Tavares' motion, and as set forth in its Electronic Order dated November 10, 2012 (Doc. #46), the Court hereby sets the following revised case deadlines: Discovery shall be completed on or before **January 28, 2013.** Dispositive motions shall be filed on or before **February 27, 2013**, or within thirty (30) days after the close of discovery, whichever is later. The parties' Joint Trial Memorandum is due on or before **March 29, 2013**, or within thirty (30) days after the Court rules on the last-filed dispositive motion, whichever is later; and the case shall be "Trial Ready" on **April 29, 2013**, or within thirty (30) days after the filing of the Joint Trial Memorandum, whichever is later.

It is SO ORDERED.

Dated: New Haven, Connecticut
         November 27, 2012


                                                    */s/Charles S. Haight, Jr.*
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge