UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LORI TAVARES,

        Plaintiff,

v.

LAWRENCE & MEMORIAL HOSPITAL,

        Defendant.

3: 11 - CV - 770 (CSH)

**RULING ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

**HAIGHT, Senior District Judge:**

### I.  BACKGROUND

Plaintiff Lori Tavares ("Plaintiff") brings the present wrongful termination action against defendant Lawrence & Memorial Hospital ("L&M" or "Defendant"), alleging that L&M terminated her employment in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. In her Complaint, Plaintiff sets forth two claims : (1) violation of the FMLA, in terminating Plaintiff during her approved three-month leave from employment to care for her husband as he recuperated from spinal fusion surgery;  and (2) "negligent infringement of emotional distress," by wrongfully terminating Plaintiff and thereby "caus[ing] Plaintiff [to suffer] severe emotional distress, anxiety, sleeplessness and depression." Doc. #1, ¶ 42.  With respect to emotional distress,  Plaintiff further asserts that L&M "should have realized that [such] distress, if it were caused, might result in illness

and bodily harm."[1]  *Id*. ¶ 41.

As to the facts giving rise to her claims, Plaintiff states that she was terminated in response to taking a vacation with her husband to Cancun, Mexico on April 14 - 21, 2010, "following [her husband's] doctor's recommendation that a warmer climate would promote healing after surgery." *Id*. ¶ 25. In December of 2009, Plaintiff allegedly informed her direct supervisor, Karen Stone, of her vacation plans to travel to Mexico from April 10 - 17, 2010. *Id*. ¶ 10. In response to Stone's initial denial of approval because "staffing was poor for the [original] dates requested," Plaintiff allegedly moved the dates of her planned trip by four days (to April 14 - 21, 2010) to accommodate the needs of her employer's nursing unit. *Id*. ¶¶ 10-14. Plaintiff ultimately chose April 14 - 21 because on those dates "Plaintiff would already be off duty." *Id*. ¶ 12. Due to her husband's accidental injury at work and resulting spinal fusion surgery on February 5, 2010, Plaintiff's trip to Mexico ended up falling within her FMLA leave period of February 1, 2010, to May 1, 2010. *Id*. ¶¶ 15, 19-21. Plaintiff chose to go through with her vacation plans as her husband's physician deemed the trip beneficial to her husband's recovery. *Id*. ¶ 25. On April 27, 2010 – four days before her FMLA leave was set to expire – L&M terminated Plaintiff for "taking a vacation under the guise of FMLA after being denied vacation time." *Id*. ¶ 16.

Pending before the Court is L&M's motion for leave to amend its Answer and Affirmative Defenses pursuant to Fed. R. Civ. P. 15(a)(2). Doc. #50. In that motion, L&M requests leave to add the ninth and tenth affirmative defenses of res judicata and collateral estoppel, respectively.

---

[1] Plaintiff also alleges that L&M placed her "under surveillance," and hired a "Special Investigator" to monitor her activities both while she was on leave (April 3 and 4, 2010) and "after [her] termination." Doc. #1, ¶¶ 37, 40 (c). Such monitoring allegedly "involved an unreasonable risk of causing [her] distress." *Id.*, ¶¶ 40 (c), 41.

While Plaintiff has filed no objection to the motion, neither has she submitted written consent to it. This ruling resolves the motion, as set forth below.

## II. STANDARD TO AMEND

Under Fed. R. Civ. P. 15(a)(1), a party may "amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Fed. R. Civ. P. 15(a)(1)(A)-(B). All "other amendments" may be made "only with the opposing party's written consent or the court's leave," which should be "freely give[n] . . . when justice so requires." *Id.* 15(a)(2).

This is the first amendment L&M seeks with respect to its Answer and Counterclaim (Doc. #13). However, that original Answer was filed and served on September 8, 2011, so that the 21-day period to amend "as of right" – without the Plaintiff's written consent or the Court's leave – has expired. *Id.* 15(a)(1)(A). Moreover, Plaintiff has filed no responsive pleading or applicable motion to trigger any additional days. *Id.* 15(a)(1)(B). Consequently, L&M seeks leave from this Court to file its amended pleading pursuant to Rule 15(a)(2). Such leave will be "freely give[n]" if "justice so requires." *Id.* 15(a)(2).

In *Foman v. Davis*, 371 U.S. 178 (1962), the seminal case interpreting Rule 15(a), the United States Supreme Court explained both the purpose and application of the Rule as follows:

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d

ed. 1948), ¶¶ 15.08, 15.10. . . . In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182.[2]

In sum, in the absence of such factors as undue delay, bad faith or dilatory motive by the movant, undue prejudice to the opposing party, or futility of amendment, leave to amend should be "freely given." *Id. See also Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to file an amended complaint 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."). In general, it is a "rare" event when "such leave should be denied." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).

Moreover, "[d]elay alone unaccompanied by . . . a 'declared reason' does not usually warrant denial of leave to amend." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995). *See also State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) ("Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*,

---

[2] "As *Foman* makes clear," although squarely within the district court's discretion, the decision to grant or deny leave to amend "must be exercised in terms of a justifying reason or reasons consonant with the liberalizing 'spirit of the Federal Rules.'" *U.S. For and on Behalf of Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Fed. R. Civ. P. 1 ("rules to be construed 'to secure the just, speedy, and inexpensive determination of every action'")).

392 F.2d 380, 384 (2d Cir.1968) ("three-year delay" from the filing of the original pleading was "an inadequate basis for denying a motion to amend" because "unless the motion either was made in bad faith or will prejudice defendant, delay by itself is not enough to deny the requisite relief") (citation omitted).

In addition to examining delay and potential prejudice, it is incumbent on the district court to determine whether the proposed amendment will be "futile in effect." If so, the amendment will be disallowed. *See Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991) (when a party submits a proposed amendment, "the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted"). An amendment to include a claim "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ .P. 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir.2002). *See also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]

Moreover, an affirmative defense may be deemed "futile" where it is either clearly

---

[3] It thus follows that a claim is inadequately pled "if it tenders naked assertion[s]" devoid of "further factual enhancement," *Iqbal*, 556 U.S. at 678. The Court must take all of the well-plead factual allegations in the complaint as true but need not give credence to mere conclusions of law. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"meritless" based on the well-pleaded factual allegations contained within the pleadings or would have no impact on the outcome of the action itself.  *See, e.g., Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*, 403 F. App'x 530, 532-33  (2d Cir. 2010); *see also  Monahan v. New York City  Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir.2000) (noting that leave to amend an answer may be denied on the grounds of "futility")), *cert. denied*, 531 U.S. 1035 (2000).

"A party opposing a motion for leave to amend has the burden of proving that such amendment is futile."  *Schaghticoke Tribal Nation v. Norton*, 06cv81(PCD), 2007 WL 867987, at *11 (D.Conn. March 19, 2007). "[I]n making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is clearly frivolous or legally insufficient on its face." *Id.* (quotation marks and citation omitted).

### III.  DISCUSSION

In the case in suit, L&M seeks leave to amend its answer to add the ninth and tenth affirmative defenses of res judicata and collateral estoppel, which are both "based on the decision of the Connecticut Department of Labor, Wage and Workplace Standards Division ["DOL"], dismissing her complaint alleging that her termination violated the Connecticut Family and Medical Leave Act." Doc. #50, p. 4-5.   Here, the proposed amendment is not the product of any proven undue delay or bad faith and there is no evidence that it will either result in undue prejudice to the Plaintiff  or  be futile in effect.

 First, applying the Second's Circuit's articulated test in *Foman* and its progeny,  there is no evidence that the  proposed amended pleading is the product of undue delay or bad faith.  As L&M has explained, it was unable to include these two affirmative defenses in its original Answer because

they relate to the decision rendered by the DOL.[4] That decision dismissed Plaintiff's complaint before that agency by concluding that Plaintiff's termination had not violated the Connecticut Family & Medical Leave Act. L&M answered the complaint in this action (September 8, 2011) prior to the date the DOL issued its decision (April 3, 2012). Therefore, L&M was not able to include those affirmative defenses, as they relate to the DOL decision, in its original Answer.

Furthermore, even had L&M known that it could have included those defenses in its Answer, "[t]here is no requirement that defendants must plead all known affirmative defenses at the time of their first answer." *Ragin v. Harry Macklowe Real Estate Co., Inc.*, 126 F.R.D. 475, 478 (S.D.N.Y. 1989). "As long as amendment of pleadings does not prejudice plaintiffs, defendants will not be precluded from adding additional defenses about which they had knowledge." *Id.* A defendant's motion to amend "should be denied only for such reasons as undue dely, bad faith or undue prejudice to the opposing party." *Id.* (internal quotations and citation omitted).

In addition, Defendant's delay of some months after the DOL decision in seeking to amend is not in and of itself sufficient to deny leave to amend. *See, e.g.*, *State Teachers Retirement Bd.*, 654 F.2d at 856 (amendment permitted despite delay where amendment did not unduly prejudice opposing party (*e.g.*, did not come on the eve of trial and result in new problems of proof)).

Second, L&M has asserted, without objection by Plaintiff, that the proposed amendment will not prejudice her or delay either discovery or trial in this case. Doc. #51, p. 2. L&M states that the "proposed amendment does not require revision of any pleading deadline or scheduling order that

---

[4] As Defendant explains, "L&M's original Answer asserted the affirmative defenses of res judicata and collateral estoppel based on [a] prior arbitration arising out of [P]laintiff's termination, [but] L&M did not assert these proposed Affirmative Defenses" with respect to the DOL decision because that decision had not yet been issued. Doc. #51, p. 2. *See also* Doc. #13 (original "Answer and Affirmative Defenses"), p. 3-4 (First and Second Affirmative Defenses).

L&M could have complied with in this case." *Id.*, n. 1. Moreover, L&M represents that these defenses will result in no surprise to Plaintiff. Specifically, " Plaintiff cannot claim to be surprised by L&M's reliance on the DOL proceedings in this case, as L&M discussed the DOL proceedings at length and submitted documents from the DOL proceedings, including the DOL decision, in support of L&M's Memorandum in Opposition to the Motion to Quash filed by Nina Rossomando, PhD." *Id.*, p. 3.

Furthermore, Plaintiff has filed no objection to L&M's proposed amendments during the requisite 21 days to respond. *See* D. Conn. L. Civ. R. 7(a) (mandating that "all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion" and specifying that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion"). At the very least, Plaintiff's failure to object to the motion leaves the Court with no basis to find that Plaintiff believes she will be prejudiced by the proposed amendments. Absent objection, "[t]here is no charge of bad faith in defendant['s] waiting to amend [its] answer to add affirmative defenses."[5] *Ragin*, 126 F.R.D. at 478.

---

[5] As the Second Circuit articulated in *Monahan v. New York City Dept. of Corrections,* 214 F.3d 275 (2d Cir. 2000):

> In determining what constitutes "prejudice," we generally consider whether the assertion of the new claim or defense would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."

214 F.3d at 284 (*citing Block v. First Blood Assocs.*, 988 F.2d 344, 350 [(2d Cir.1993)). Here, Plaintiff participated in the administrative proceedings which resulted in the DOL decision at issue. Therefore, there will be no need for significant additional discovery and no resulting significant delay. There is also no indication that Plaintiff intends to bring an action in another jurisdiction. As in *Monahan*, it appears that "[n]one of these three conditions is present in this action." *Id.*

Third, as to futility of effect, the Court finds no grounds to conclude that the addition of the affirmative defenses of res judicata and collateral estoppel, based on the DOL decision, will be futile. Rather, L&M contends that these defenses are applicable in light of the DOL's decision to dismiss the Plaintiff's administrative complaint. Under the doctrine of res judicata, also known as claim preclusion, "a judgment on the merits in a prior suit bars a suit involving the same parties based on the same cause of action." *Murray v. Ashcroft*, 321 F.Supp.2d 385, 386 (D.Conn. 2004) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001)). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).[6]

Similarly, collateral estoppel, or issue preclusion, provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen,* 449 U.S. at 94. The party that asserts claim or issue preclusion "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Coleman v. Blanchette*, No. 3:11cv1632(WIG), 2012 WL 3822022, at *5 (D.Conn. Sept. 4, 2012).

The doctrines of both res judicata and collateral estoppel apply not only to final decisions of courts but also to those of administrative bodies, such as the DOL decision at issue. *See, e.g., Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) ("We have long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to

---

[6] "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983) (citations omitted).

9

claims) to those determinations of administrative bodies that have attained finality. 'When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.'") (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). *See also Golden Hill Paugussett Tribe of Indians v. Rell*, 463 F.Supp.2d 192, 198-99 (D.Conn. 2006).

Under Fed. R. Civ. P. 8(c)(1), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including," *inter alia*, "res judicata" and "estoppel." Failure to raise such a defense is normally deemed to be a waiver. *See, e.g., Badway v. United States*, 367 F.2d 22, 24-25 (1st Cir.1966) (court deemed affirmative defenses, including res judicata, waived where defendant failed to set forth defenses in the pleadings) (citing Fed. R. Civ. P. 8(c)). Moreover, mandatory inclusion of affirmative defenses in one's answer is intended to benefit the plaintiff as well in that "one of the main reasons for the rule stated in Fed. R. Civ. P. 8(c) is to avoid surprise to the plaintiff." *U.S. For and on Behalf of Maritime Admin*, 889 F.2d at 1255 (collecting cases). Absent prejudicial delay, a defendant should be freely given permission to add such affirmative defenses.[7]

---

[7] The Court also notes that, with respect to collateral estoppel, although the defense must normally be pled in a timely manner, the Second Circuit has upheld a district court's *sua sponte* dismissal of a case on collateral estoppel grounds where the defense had not been raised in the answer. *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998). Similarly, the Second Circuit found no error in a district court's consideration of the defense of collateral estoppel when it was first raised during summary judgment where the plaintiff in the action was given both notice and an opportunity to respond to the defense (*i.e.*, additional time and an opportunity to file a sur-reply). *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003).

## IV.   CONCLUSION

For all of the foregoing reasons, defendant L&M's "Motion for Leave to Amend Answer and Affirmative Defenses" (Doc. #50) is GRANTED,  as "justice so requires," Fed. R. Civ. P. 15(a)(2). Defendant must file its proposed "Amended Answer and Affirmative Defenses," as set forth in the attachment to its motion (Doc. #50-1),  on or before **April 17, 2013.**

It is SO ORDERED.

Dated:  New Haven, Connecticut
April 3, 2013

>                     */s/Charles S. Haight, Jr.*
>                     CHARLES S. HAIGHT, JR.
>                     Senior United States District Judge