UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI TAVARES, Plaintiff | ) | |
| v. | ) | Case No. 3:11-CV-00770 (CSH) |
| LAWRENCE & MEMORIAL HOSPITAL, Defendant. | ) | |

**OPINION AND ORDER RE:**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(Doc. 53)**

Plaintiff Lori Tavares claims that defendant Lawrence & Memorial Hospital fired her in violation of the federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2615, after she attended a birthday party for a coworker in Cancun, Mexico while on medical leave to care for her husband. The Hospital has filed a motion for summary judgment on several grounds, including the assertion that Tavares does not meet the annual hours of work requirement for coverage under the FMLA. The court grants the motion for summary judgment on that basis and does not reach the other arguments put forth by the parties.

## I. Facts

The undisputed facts relevant to the resolution of the Hospital's summary judgment motion are as follows:

Tavares was employed as a labor and delivery nurse by defendant, which is a hospital in New London, Connecticut, from 1997 until 2010. In January 2010, Tavares sought to take vacation leave in April 2010 so that she could attend a birthday party for a coworker in Cancun, Mexico.

Tavares's supervisor denied the request for vacation due to problems with coverage during the period requested. On January 30, 2010, Tavares applied for leave under the FMLA to

care for her husband Joseph who was scheduled to undergo back surgery. The Hospital's FMLA administrator approved the request under the Connecticut FMLA for the period from February 2, 2010 to May 1, 2010. This period included the dates of the birthday party.

Joseph underwent back surgery on February 5, 2010. As planned, Tavares commenced her family medical leave. She and Joseph travelled to Cancun between the dates of April 14 and April 21, 2010. Joseph's physician knew of the trip and believed it was medically appropriate so long as Joseph limited his activities.

Upon her return, the Hospital discharged Tavares for "taking a vacation under the guise of FMLA after being denied vacation time." (Doc. 54 at 28.)

Tavares commenced three proceedings: a grievance and arbitration under her union collective bargaining agreement, an administrative case before the Connecticut Department of Labor (DOL), and this lawsuit. The arbitrator held that the Hospital did not have just cause to terminate Tavares, but did have just cause to suspend her for one year. (Doc. 54-26 at 17.) The DOL upheld the Hospital's decision to terminate Tavares's employment. (Doc. 54-31 at 2.) Neither party appealed these decisions. The decisions did not address Tavares's eligibility under the federal FMLA.[1]

In order to be protected by the federal FMLA, an employee must have worked at least 1,250 hours for the employer during the twelve months prior to the date the FMLA leave was to start. 29 U.S.C. § 2611(2)(A)(ii); 29 C.F.R. § 825.110(d). The parties agree that Tavares worked 1098 hours and thirty minutes between January 31, 2009 and January 30, 2010. (Doc. 64-1 at 2.) This work time was calculated by the Hospital's timekeeping system for nurses. Tavares was a twenty-four hour per week employee. Tavares asserts that she worked beyond the time shown on her time and pay records because she spent additional time working through her lunch break and attending professional training and testing on her own time. (Doc. 61-5 at 1-2.) She also claims that she spent time at home preparing for shifts. (*Id.*) She contends that when these additional hours are considered, she exceeded 1,250 hours of work during the twelve

[1] To qualify under the Connecticut FMLA, the employee must have performed 1,000 hours of service in twelve months. Conn. Gen. Stat. § 31-51kk(1). As she undisputedly worked more than 1,000 hours, plaintiff's eligibility for FMLA leave was not an issue in either the Connecticut DOL case or the collective bargaining grievance process.

months prior to the date she went on leave. She has no records or any particular accounting for the hours she worked this extra time except for working through her thirty-minute lunch break, which she claims was a regular occurrence. (*Id.*)

## II. Summary Judgment Standard

That portion of defendant's summary judgment motion which addresses the issue of qualification for the FMLA turns in large measure on plaintiff's obligation to provide record evidence to back up her assertions. For that reason, the court takes care to identify the standard of review applicable to summary judgment.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A "genuine" issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In considering a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The moving party bears the burden of showing that it is entitled to summary judgment. Fed. R. Civ. P. 56(a). The non-moving party may defeat the motion by "set[ting] forth specific facts demonstrating that there is a genuine issue for trial." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quotations omitted). However, the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987). "'[C]onclusory allegations or denials' in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Golino v. City of New Haven*, 761 F. Supp. 962, 965 (D. Conn. 1991) (quoting *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F. 2d 438, 445 (2d Cir. 1980)). If the non-

moving party fails to submit proof concerning an essential element of its case, summary judgment is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**III. Analysis**

Under the FMLA, an eligible employee is entitled to twelve work weeks of leave during any twelve-month period in order to care for a spouse with a serious health condition. 29 U.S.C. § 2612(a)(1)(C). An "eligible employee" is one "who has been employed . . . for at least 1,250 hours of service" during the twelve-month period prior to the date the FMLA leave is to start. *Id.* § 2611(2)(A)(ii); 29 C.F.R. § 825.110(d). "[E]ligibility is a threshold issue which has to be proved by plaintiff in order for [her] to be entitled to relief." *Bulmer v. Yellow Freight Systems, Inc.*, 213 F.3d 625, 2000 WL 637066, at *3 (2d Cir. 2000) (unpub. decision).

Whether an employee meets the hours-of-service requirement is determined using the legal standards established under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 2611(2)(C) (citing 29 U.S.C. § 207). Although the term "hours of service" is not defined under either FMLA or FLSA, courts have interpreted it to "include only those hours actually worked in the service and at the gain of the employer." *Plumley v. S. Container, Inc.*, 303 F.3d 364, 372 (1st Cir. 2002). "The [hours-of-service] determination is not limited by methods of recordkeeping, or by compensation agreements that do not accurately reflect all of the hours an employee has worked for or been in service to the employer. Any accurate accounting of actual hours worked under FLSA's principles may be used." 29 C.F.R. § 825.110(c)(1).

Patricia Wettlaufer, the Hospital's director of human resources, stated in an affidavit that based on her personal review of the Hospital's timekeeping records, she determined that Tavares "worked 1,098 hours and 30 minutes between January 31, 2009 and January 30, 2010." (Doc. 54-6 at 2.) The Hospital provided printouts of its KRONOS computerized timekeeping records for Tavares during that period. (Doc. 64-1 at 4-14.) The records show the times that Tavares punched in and out each day that she worked, and also reflect sick time and holiday time for which she was paid but did not work. In a supplemental affidavit, Wettlaufer stated that the timekeeping records are accurate and that they were regularly kept in the course of the Hospital's regularly conducted business activity. (Doc. 64-1 at 2.)

Tavares argues that the Hospital's records are incomplete because they do not include all the hours she worked. Tavares does not claim that the timekeeping system itself is somehow deficient or that the computerized records are incorrect. Rather, she says that she worked many hours when she was supposed to be off duty, and these extra hours were not reflected in the Hospital's timekeeping records. According to Tavares's affidavit, this "off the clock" work included:

> [T]aking information home to prepare for strip reviews and skills days, preparing for the needs of the unit based counsel, required testing (32 hours preparation), neonatal resuscitation training (16 hours), electronic fetal monitoring (30 hours), CPR (2 hours), preparing and attending off-duty team building exercises at my supervisor, Karen Stone's house (8-16 hours)." (Doc. 61-5 at 1-2.)

Tavares claims that "[a]long with Ms. Stone and other nurses, I remained on the floor and worked through lunch, adding an additional 30 minutes to each workday (potentially up to 75 hours total)." (Doc. 61-5 at 2.) She says that "I believe that for the year preceding my FMLA leave, between hours worked, hours of service, and working lunches, I had 1,250 or more hours." (*Id.* at 2.)

"In the event an employer does not maintain an accurate record of hours worked by an employee . . . the employer has the burden of showing that the employee has not worked the requisite hours." 29 C.F.R. § 825.110(c)(3); *see Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 142 (2d Cir. 2012) (holding that where school district did not keep records of working hours of teachers, school district had burden of proving teacher did not work 1,250 hours during year preceding his leave). In the absence of any evidence to the contrary, the KRONOS time records maintained by the Hospital establish the hours when Tavares was present at the hospital, on duty, and compensated. The Hospital has met its burden of proof on this issue. The issue before the court is whether there is a legitimate factual dispute about whether Tavares worked additional hours for which she was not paid and which were not included in the time records.

In support of her claim that she worked additional hours, Tavares supplies only general statements that she worked through her lunch hour, attended trainings and prepared for work at home for enough hours to meet the 1,250-hour requirement. These statements are unsupported by any record evidence. Tavares has provided no documentation of the hours she allegedly

worked at home. She does not provide specific dates and times when she was required to undergo the alleged testing and training, or any documentation or certification of such testing and training. She provides no testimony or affidavits from colleagues or others to back up her assertion that she participated in team building exercises or worked through all of her lunch breaks. At her deposition, she was unable to recollect how many hours she had actually worked:

> Q. So do you know whether as of January 30, 2010, you had actually worked at least 1,250 hours?
>
> A. I don't recall the exact numbers. Matrix[2] looked into that information for me.
>
> Q. Did Matrix inform you that you were eligible for FMLA under Connecticut law?
>
> A. I believe so, yes.
>
> Q. Did Matrix inform you that you were eligible for FMLA under federal law?
>
> A. I don't recall.
>
> Q. But as of today, as you sit here today, is it your belief that you were eligible under both laws?
>
> A. I don't recall.
>
> Q. You just don't know. Is that fair?
>
> A. Right, yeah. I know that I qualified for my medical leave from the hospital. I wasn't really being nitpicky, one or the other.

(Doc. 54-14 at 24-25.) Tavares's vague and unsupported claims of additional hours worked are insufficient to create a genuine issue for trial regarding whether she was an eligible employee under FMLA.

Other courts have rejected similar attempts to forestall summary judgment on the issue of FMLA eligibility in the face of record evidence provided by the employer. For example, in *Woodford v. Cmty. Action of Greene Cnty., Inc.*, 268 F.3d 51 (2d Cir. 2001), the district court had found based on time sheets filled out by the employee that she had not worked enough hours

---

2 The record shows that Matrix Absence Management, the system through which Tavares applied for FMLA leave, informed Tavares that she was ineligible for federal FMLA leave. (Doc. 54-12 at 2.)

to be eligible for FMLA leave, and granted summary judgment to the employer on her FMLA claim. On appeal, the employee argued that the time sheets did not accurately reflect the hours she worked, because she was paid a weekly salary regardless of the hours reported on the time sheets. The Second Circuit noted that the hours logged on the time sheets varied from week to week, indicating that the employee "did not fill them out in a perfunctory manner to ensure formal compliance with a workplace rule." *Id.* at 54. The employee also argued that her personal work diary showed that she worked 1,377 hours over the period in question. The Second Circuit held that this was insufficient to create a factual dispute precluding summary judgment: "it strains credulity to claim that, on the one hand, [the employee] could not be bothered with accurately reporting her hours to her employer, yet on the other hand, each night she assiduously made accurate records for her own personal reference." *Id.* It accordingly affirmed the district court's grant of summary judgment to the employer on the FMLA claim.

Similarly, in *Staunch v. Continental Airlines, Inc.*, 511 F.3d 625 (6th Cir. 2008), the employer airline provided time records for the plaintiff flight attendant which showed she had not worked enough hours to qualify for FMLA leave. Because the record showed that the flight attendant's compensation was based on predetermined flight hours and did not reflect additional time spent preparing for flights, attending trainings, going through customs, and waiting for passengers to disembark, the Sixth Circuit agreed with the plaintiff that the airline had the burden of proving that the employee did not work the requisite hours. It ruled, however, that the airline had met this burden on summary judgment. *Id.* at 630. The airline's human resources manager had compiled flight registers detailing each flight the attendant worked, to which she added time required by the flight attendant's collective bargaining agreement for check-in, de-briefing, training time, and ground time, and calculated that the flight attendant had worked a total of 1,128 hours during the prior twelve months. The flight attendant disputed the airline's calculation, claiming in a sworn affidavit that she actually worked more than 2,300 hours. The court held that the flight attendant's "attempts to refute Continental's calculations with an undated list of tasks and hours she compiled based on her own recollection" were insufficient to show a genuine issue for trial where the flight attendant "failed to present evidence of specific days and hours that she worked performing these uncompensated tasks." *Id.*

Numerous other courts have granted summary judgment to employers on the issue of FMLA eligibility where employees have failed to provide concrete, specific evidence of the additional hours they claimed to have worked beyond what the employer's records showed. *See Hinson v. Tecumseh Prods. Co.*, 234 F.3d 1268, 2000 WL 1597947, at *2 (6th Cir. 2000) (unpub. decision) ("Since [employee] failed to provide the court with any evidence of the number of overtime hours she allegedly worked or evidence to rebut [employer's] employment records to defeat a motion for summary judgment, the trial court's decision must be affirmed."); *LaCoparra v. Pergament Home Ctrs., Inc.*, 982 F. Supp. 213, 219 (S.D.N.Y. 1997) (holding that employee could not withstand summary judgment on issue of eligibility for FMLA by asserting that employer's hours-worked calculation ignored her "off the clock" hours of service where she "provided no evidence of any such hours"); *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 4371813, at *3 (E.D. Mich. Sept. 22, 2008) ("[E]ven if Plaintiff is to be believed that there were numerous occasions where her time was not documented, she must, at the very least, provide some specific dates and hours on those dates where the time tracking mistakes occurred."); *see also Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 119 (S.D.N.Y. 2009) (granting summary judgment to employer on FLSA overtime claim where employee testified that two to four weeks per month, she worked unspecified amount of time over forty hours per week, she sometimes worked through her half-hour lunch break once per week, and she worked an unspecified amount of time past the end of her shift two or more times per week; employee's testimony failed to provide sufficient factual basis to support her claim that she worked unpaid overtime).

The court accepts for the purposes of summary judgment Tavares's claim that she worked through all of her lunch breaks. This claim is specific and concrete enough to permit a reasonable jury to find in her favor if it found her to be credible. Giving Tavares credit for working every single lunch period during the twelve-month period adds seventy-five hours to her annual total. She still falls short of the 1,250 hours by seventy-six hours and thirty minutes.

The evidence Tavares provides concerning her work at home is vague. She does not identify any dates or times on which she worked. Without more specific information or supporting evidence regarding the remaining hours Tavares claims to have spent working from home, training, or taking tests, Tavares cannot refute the Hospital's evidence that she worked

less than 1,250 hours during the twelve months before she went on leave. Plaintiff's conclusory and unsubstantiated allegations to the contrary are an insufficient basis to deny summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ("The non-moving party may not rely on conclusory allegations or unsubstantiated speculation.").

Because this court concludes that summary judgment is appropriate based on Tavares's ineligibility for federal FMLA leave, it need not address the Hospital's remaining arguments.

## IV. State Law Claim

Having granted summary judgment to the Hospital on Tavares's federal-law claim, this court declines to exercise supplemental jurisdiction over Tavares's state-law claim for negligent infringement of emotional distress. While 28 U.S.C. § 1367 does not require dismissal of the claim, *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001), the Second Circuit has repeatedly stated that "if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." *Oneida Indian Nation of N.Y. v. Madison Cnty.*, 665 F.3d 408, 437 (2d Cir. 2011) (quotation omitted).

## V. Conclusion

For the reasons stated above, defendant's motion for summary judgment on plaintiff's FMLA claim (Doc. 53) is GRANTED. The remaining state-law claim against defendant is DISMISSED without prejudice.

Dated this 5th day of May, 2015.

Geoffrey W. Crawford, Judge
United States District Court